UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE B.,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Acting<br>Commissioner of Social Security,[1]<br><br>                                    Defendant. | Case No.:  23-cv-01141-JLB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 26]** |

Before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Laura E. Krank, counsel for Plaintiff Jamie B. ("Plaintiff").  (ECF No. 26.)  The Commissioner of Social Security (the "Commissioner") takes no position on the motion. (ECF No. 27.)  For the reasons set forth below, the Court **GRANTS** the motion.

**I.      BACKGROUND**

On January 28, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, and an application

---

[1]     Frank J. Bisignano, the Acting Commissioner of Social Security as of May 6, 2025, is hereby substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

for SSI under Title XVI of the Social Security Act, alleging disability beginning January 27, 2015. (Certified Administrative Record ("AR") at 214–21, 222–27.) On September 25, 2018, the assigned administrative law judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 27, 2015, through the date of decision. (AR 31–54.) The ALJ's decision became the final decision of the Commissioner on January 7, 2020, when the Appeals Council denied Plaintiff's request for review. (AR 1–6.) On February 10, 2020, Plaintiff filed a civil action in this District seeking judicial review of the Commissioner's decision. *See Becker v. Saul*, 20-cv-00250-KSC (S.D. Cal.), ECF No. 1. On October 7, 2020, the parties filed a Joint Motion for Voluntary Remand, and the case was remanded for further proceedings. *Id.*, ECF Nos 17, 18. Following remand, the Honorable Karen S. Crawford awarded Plaintiff attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of 4,000.00, and no costs under 28 U.S.C. § 1920. *Id.*, ECF No. 20.

Following proceedings on remand, a different ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 27, 2015, through the date of decision. (AR 694–727.) The ALJ's decision became the final decision of the Commissioner on June 17, 2023. (ECF No. 15 at 4.) On June 20, 2023, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision. (ECF No. 1.) On October 31, 2023, the Commissioner filed the Administrative Record. (ECF Nos. 16–18.) On October 6, 2023, Plaintiff filed a merits brief (ECF No. 15), and the Commissioner thereafter filed an opposition (ECF No. 21). On March 11, 2024, the Court granted Plaintiff's merits brief, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 22, 23.)

On April 3, 2024, the parties filed a joint motion requesting that the Court award Plaintiff attorney's fees and expenses pursuant to the EAJA. (ECF No. 24.) The Court

23-cv-01141-JLB

granted the joint motion and awarded Plaintiff attorney's fees and expenses in the amount of $4,500.00. (ECF No. 25.)

On remand, the Social Security Administration ("SSA") issued a fully favorable decision to Plaintiff on April 15, 2025, finding that he became disabled under the Social Security Act on January 27, 2015. (ECF No. 26-2.) Plaintiff was awarded $134,069.00 in past due benefits. (ECF No. 26-3 at 4.) The SSA withheld $33,517.25 from Plaintiff's past due benefits in case they needed it to pay Plaintiff's representative. (*Id.*)

In the instant motion, Plaintiff's counsel requests that the Court order the payment of attorney's fees in the amount of $33,500.00, payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC, and order reimbursement to Plaintiff in the amount of $8,500,[2] which is the amount of EAJA fees previously awarded to Plaintiff and assigned to counsel.[3]

## II.   LEGAL STANDARD

42 U.S.C. § 406(b) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The statute does not instruct the district court as to how counsel's fees should be calculated. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). With respect to Section 406(b), the U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls

---

[2]   Although counsel requests that the Court order reimbursement to Plaintiff in the amount of $9,500 for EAJA fees, only $8,500 were awarded.

[3]   Plaintiff's counsel does not seek reimbursement under 42 U.S.C. § 406(a). (*See* ECF No. 26 at 8.)

23-cv-01141-JLB

for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, in cases in which a contingency fee agreement exists, a district court should first look to the contingency fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved." *Id.* The Ninth Circuit subsequently explained that when analyzing the reasonableness of a fee award, a court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). To this end, the Supreme Court has explicitly provided:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. Thus, in awarding fees, a district court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151 (emphasis in original).

"[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht,* 535 U.S. at 798 n.6. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the

4

23-cv-01141-JLB

reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148 (citation omitted).

The EAJA also permits an attorney to receive fees for successful Social Security representations. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (second alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186); *see also Parrish*, 698 F.3d at 1218 ("[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [28 U.S.C.] § 2412 if the two were for the 'same work.'").

## III.   DISCUSSION

Pursuant to *Gisbrecht,* the Court must first look to see if a contingency fee agreement exists in this case. 535 U.S. at 808. Plaintiff's representation agreement with counsel provides that "the fee for successful prosecution of this matter is 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 26-1 at 1 (emphasis omitted).) Counsel now seeks $33,500.00, or 25% of the amount awarded to Plaintiff in past-due benefits. (*See* ECF No. 26-3 at 4.)

In support of the motion, Plaintiff's counsel attaches the ALJ's decision on remand, the SSA's notice of award of past due benefits, her contingency fee agreement with Plaintiff, her resume, and an itemized list of the hours she spent representing Plaintiff in this matter. (ECF Nos. 26-1, 26-2, 26-3, 26-4, 26-6.) Counsel also attaches a Social Security Report to Congress in March 2024 regarding the Limitation on Administrative Expenses, and pages of the United States Consumer Law Attorney Fee Survey Report 2017–2018, the USAO Fitzpatrick Matrix, and the 2025 Laffey Matrix. (ECF Nos. 26-5, 26-7, 26-7, 26-8.)

23-cv-01141-JLB

Upon review, the Court finds that the amount sought by Plaintiff's counsel is reasonable. First, the results obtained by Plaintiff's counsel were excellent, as the case was remanded to the Commissioner for further proceedings, which ultimately resulted in the award of $134,069.00 in past-due benefits to Plaintiff. Second, the Court finds that there was no undue delay or substandard performance that would warrant a downward adjustment even though the Commissioner agreed to a remand in August 2023 and Plaintiff's counsel refused to consent to a remand at that time, believing this matter warranted a direct award of benefits. (*See* ECF Nos. 9, 13, 15.) As Plaintiff was undergoing his second round of judicial proceedings on his applications, the Court finds that Plaintiff's counsel attempt to expedite a resolution was not unreasonable.

Third, the amount sought is consistent with the 25% cap set by Congress and is not disproportionate to the time spent by Plaintiff's counsel in this action. Plaintiff's counsel spent 37.5 hours representing Plaintiff between April 2023 and March 2024, and an additional 18.2 hours representing Plaintiff in 2020. (ECF No. 26-4.) Over this same period of time, a paralegal with counsel's firm spent 6.3 hours on this case. (*Id.*) The effective hourly attorney rate of $601.44 (or combined hourly rate of $540.32), considering counsel's experience and results, is not out of line with hourly rates approved by courts in this District. *See, e.g., Eldridge v. O'Malley*, No. 20-cv-01135-CAB-RBM, 2024 WL 1744079, at *2 (S.D. Cal. Apr. 23, 2024) (approving a $20,462 fee award with a de facto hourly attorney rate of $1,015.98 for 20 hours and 8 minutes of work); *Desiree D. v. Saul*, No. 3:19-CV-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a $16,363 fee award with a de facto hourly attorney rate of $1,494.34 for 10.95 hours of work); *Martinez v. Saul*, No. 15-CV-1994-BTM-BGS, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a $30,000 fee award with an effective blended attorney/paralegal hourly rate of $1,488.83 for 20.15 hours of work); *see also Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting that majority ordered payments in underlying cases that equated to $519, $875, and $902 hourly rates for the time of both attorneys and paralegals).

Accordingly, the Court finds an award of attorney's fees in the amount of $33,500.00 to be reasonable.  In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  Accordingly, the Court hereby awards to Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $33,500.00.  The Court further orders Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $8,500.00 for EAJA fees.

**IT IS SO ORDERED.**

Dated:  March 2, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

23-cv-01141-JLB